UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RILEY L. CLOSSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-00772-TWP-DML |
| | ) |
| A. KOHLHEPP Officer, | ) |
| F. MCQUEEN Officer, | ) |
| HOBGOOD Sergeant, | ) |
| MOORE Nurse, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint and Directing Service of Process**

Plaintiff Riley Closson, an inmate at the Indiana Women's Prison ("IWP"), filed this action pursuant to 42 U.S.C. § 1983. The Court dismissed her original complaint for failure to state a claim, and she has filed an amended complaint, dkt. 6, which is now subject to the screening requirements of 28 U.S.C. § 1915A(b).

## I. Screening of Amended Complaint

### A. Screening Standard

The Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the amended complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Amended Complaint

Ms. Closson names three defendants: (1) Sgt A. Kohlhepp, (2) Officer Faith McQueen, and (3) Sgt. Hobgood.[1] She seeks compensatory damages.

According to the amended complaint, around 10:00 p.m. on June 30, 2020, Ms. Closson requested to be placed in protective custody. Her request was denied because IWP does not have protective custody, but she was placed on suicide watch. Around 1:00 a.m., Ms. Closson requested to go to the bathroom, and the defendants handcuffed and shackled her before escorting her. Ms. Closson was menstruating, and in the bathroom she discovered blood all over herself. She asked Officer McQueen and Sgt. Kohlhepp for a shower or rag but they denied the request. She then requested a sanitary pad or tampon and a new suicide smock, but they said no. Officer McQueen said that Ms. Closson could bleed all over herself because she was creating more work for her.

Sgt. Kohlhepp told Ms. Closson to hurry up, but Ms. Closson became upset because she still did not have sanitary items or anything with which she could clean herself. Officer McQueen and Sgt. Kohlhepp forcibly removed Ms. Closson from the toilet and placed her on the floor. Officer McQueen injured Ms. Closson's arm and wrists by digging her fingers into Ms. Closson to prevent her from moving. Sgt. Kohlhepp held Ms. Closson's legs and failed to stop Officer McQueen's use of force or provide her with sanitary napkins. Ms. Closson was naked on the floor in front of Sgt. Hobgood, a male officer, "which was a prea situation." Dkt. 6 at 1.

---

[1] Ms. Closson's original complaint also named Nurse Moore as a defendant, but she does not mention Nurse Moore in her amended complaint. Accordingly, Nurse Moore is **dismissed** as a defendant.

The defendants escorted Ms. Closson to a "time out cell." *Id.* Her mattress and smock were confiscated, and she was left naked in the cell with only a blanket. She was denied access to the bathroom for over four hours.

Sgt. Kohlhepp was later fired from IWP, and she later told a media outlet that the prison falsified details of the incident and should not have placed Ms. Closson in solitary confinement.

### C. Discussion

Ms. Closson's Eighth Amendment claims **shall proceed** as submitted against the defendants.

Any claims based on the Prison Rape Elimination Act ("PREA") or failure to comply with its guidelines are **dismissed** because the PREA does not create a private right of action. *See Sims v. Doe*, 2018 WL 4027632 (S.D. Ind. Aug. 22, 2018); *Bentley v. Baenen*, 2018 WL 1108701 (E.D. Wis. Feb. 27, 2018) ("The PREA does not create a private cause of action in federal court."); *Poslof v. Martel*, 2018 WL 3019916, n.5 (S.D. Cal. June 18, 2018) (The PREA "authorizes the reporting of incidents or rape and sexual abuse in prison, but it does not give rise to a private cause of action by a prisoner.").

If Ms. Closson believes that other viable claims were included in her amended complaint but not discussed, she has **through August 23, 2021**, to notify the Court.

## II.     Service of Process

The **clerk is directed** to terminate Nurse Moore as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Sgt A. Kohlhepp, (2) Officer Faith McQueen, and (3) Sgt. Hobgood in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [6], applicable forms (Notice

of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Ms. Closson states that Sgt. Kohlhepp is no longer employed by the Indiana Department of Correctio. If true, the Court requests that the IDOC legal department provide Sgt. Kohlhepp's last known address. Such information may be filed ex parte.

**IT IS SO ORDERED.**

Date:   8/3/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RILEY L. CLOSSON
222513
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Electronic Service to IDOC Employees at the Indiana Women's Prison:
Sgt A. Kohlhepp
Officer Faith McQueen
Sgt. Hobgood